**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | ) | |
| FIRST FINANCIAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| LORI BITTEL, and LBITTEL, LLC | ) | |
| D/B/A BEACON PRESCRIPTIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, First Financial Bank ("First Financial"), files this Complaint against Defendants Lori L. Bittel and LBittel, LLC d/b/a Beacon Prescriptions (collectively, the "Defendants"), as a result of Defendants' default under a certain note and loan described herein. As of today, Defendants have failed to cure the default and allow First Financial to rightfully take possession of the property it has a secured interest over pursuant to the loan. As a result, First Financial asserts causes of action for breach of contract and unjust enrichment to recover damages arising out of Defendants' breach of the promissory note.

**PARTIES**

1.　　First Financial Bank has an address of 214 N. Washington, El Dorado, Arkansas 71730.

2.　　Upon information and belief, Lori L. Bittel is an individual residing at 216 Bruning Road, New Hartford, Connecticut 06057.

1

3.      Upon information and belief, LBittel, LLC d/b/a Beacon Prescriptions is a business that operated at 294 Main Street, Winsted, Connecticut 06098.

## FACTS

4.      On October 22, 2021, Defendants executed a U.S. Small Business Administration Promissory Note (the "Note), a Commercial Loan Agreement (the "Loan"), and a Security Agreement (the "Agreement) (collectively, the "Loan Documents") whereby First Financial provided Defendants with a loan in the principal amount of $1,168,000.00.  True and accurate copies of these documents are attached hereto and incorporated within as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively.

5.      Pursuant to the Note, Defendants were required to make monthly payments of $12,533.44.

### Defendants' Default

6.      As defined by Section 4 of the Note, a Default occurs if the borrower, Defendants here, "[f]ails to do anything required by this Note or other Loan Documents."  Ex. A at 2.

7.      In Section 6 of the Loan, Defendants covenanted that "[u]ntil the Loan and all related debts, liabilities and obligations are paid and discharged, [Defendants] w[ould] comply with the following terms, unless [First Financial] waive compliance in writing."  Ex. B at 3.

8.      Under Section 6(C), Defendants were required to:

[P]reserve and maintain [Defendants] present existence and good standing in the jurisdiction where [Defendants] are organized and all of [Defendants] rights, privileges and franchises. [Defendants] will do all that is needed or required to continue [Defendants'] business or activities as presently conducted…. [Defendants] will obtain [First Financial's] prior written consent before [Defendants] cease [their] business….

Ex. B at 3.

2

9.     However, without any prior warning to First Financial and without First Financial's prior written consent, Defendants closed Beacon Prescriptions on November 10, 2025.

10.     A site inspection prepared for First Financial on January 5, 2026, showed a sign announcing the store closure at 6pm on November 10, 2025, showed the Beacon Prescriptions sign removed or covered up, and the store empty.

11.     This closure without prior notice or consent from First Financial, is a failure to meet the requirements of Section 6(C) of the Loan and therefore a Default under Section 4(A) of the Note.

### First Financial May Take Possession of All Collateral

12.     Pursuant to Section 5 of the Note, if there is a Default, "Without notice or demand and without giving up any of its rights, [First Financial] may: … D. Take possession of any Collateral; or E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement."  Ex. A at 3.

13.     The Security Agreement affirms First Financial's right to take possession of all Collateral.

14.     Pursuant to Section 3 of the Security Agreement, Defendants granted First Financial a security interest in "all of the Property described in this Agreement that [Defendants] own or have sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property."  Ex. C at 1.  The Property "is all the collateral given as security for the Secured Debts and described in this Agreement."  *Id.* The Security Agreement defines the Secured Debts as Defendants' debt arising from the Note.  *Id.*

15.     Pursuant to Section 4 of the Security Agreement, First Financial has a secured interest in the following:

3

**All Assets.** All present and future right, title and interest in and to any and all personal property of the Debtor, whether such property is now existing or hereafter created, acquired or arising and wherever located from time to time, including without limitation, the following categories of property: goods (including inventory, equipment, fixtures, farm products and any accessions thereto), instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter-of-credit is evidenced by a writing), commercial tort claims, securities and all other investment property, general intangibles (including payment intangibles and software), all supporting obligations and all proceeds, products, additions, accessions, substitutions and replacements of the foregoing property.

Ex. C at 1-2.

16.     Section 10 of the Security Agreement provides that Defendants would be in default if "[a] default occurs under the terms of any other Loan Document" or "[Defendants] are in default on any debt or agreement [Defendants] have with [First Financial.]"  Ex. C at 3.

17.     Since Defendants are in default of the Loan and the Note, they are in default of the Security Agreement.

18.     Pursuant to Section 12 of the Security Agreement, since Defendants defaulted on the Security Agreement, First Financial has the right to repossess the Property described in Section 4 of the Security Agreement.  Ex. C at 3-4.

## COUNT 1
### Breach of Contract

19.     First Financial reasserts the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

20.     Pursuant to the Note and Security Agreement, Defendants would be in Default if they failed to do anything required by the Note or other Loan Documents.

21.     Pursuant to the Loan, Defendants were required to obtain First Financial's written permission before closing Beacon Prescriptions.

22.     First Financial has fully performed under all Loan Documents.

4

23.     Defendants closed Beacon Prescriptions on November 10, 2025, without first consulting First Financial or obtaining permission from First Financial.

24.     Defendants' breach of the Loan was also a breach of the Note and the Security Agreement.

25.     As a result of Defendants breach, First Financial has suffered and will continue to suffer damages.

## COUNT 2
### Unjust Enrichment

26.     First Financial reasserts the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

27.     Defendants have received benefits under the terms of the Note and other Loan Documents.

28.     Defendant has failed or refused to repay First Financial for the benefit that they have received under the Note and other Loan Documents.

29.     As a direct and proximate result of Defendants' wrongful refusal to compensate First Financial for the benefit they have received under the Note and other Loan Documents, First Financial has been harmed.

30.     Defendants are liable for damages that they have directly and proximately caused to First Financial.

## REQUEST FOR RELIEF

WHEREFORE, First Financial respectfully demands this Honorable Court enter a judgment against Defendants Lori L. Bittel and LBittel, LLC d/b/a Beacon Prescriptions:

1.      Enter judgment in First Financial's favor against Defendants on Count I in the amount of First Financial's damages, with interest, attorneys' fees and costs;

5

2.      Demand Defendants turn over the secured property to First Financial;

3.      Enter an award of damages for Defendants unjust enrichment;

4.      Enter an award to First Financial of its attorneys' fees and costs in collection

with this action; and

5.      Award First Financial any contractual and statutory interest, as permitted by

applicable law; and,

6.      Such further relief that the Court deems just and necessary.

Respectfully submitted,

First Financial Bank

By its attorney,

*/s/ Kevin P. Polansky*_____
Kevin P. Polansky (Juris No. 434359)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
(617) 217-4710 (fax)

Dated: May 29, 2026